**CHRISTOPHER J. CHRISTIE**
**United States Attorney**
**PETER G. O'MALLEY**
**Assistant U.S. Attorney**
**970 Broad Street, Suite 700**
**Newark, New Jersey 07102**
**(973) 645-2700**
**POM8422**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **RHONDA GARRETT,** | : | **Hon.** Jose L. Linares |
| Plaintiff, | : | Civil Action No. **05-1164** |
| v. | : | |
| **THE UNITED STATES** | : | |
| **DEPARTMENT OF VETERANS** | | |
| **AFFAIRS, JIM NICHOLSON,** | : | |
| **SECRETARY OF THE UNITED** | | |
| **STATES DEPARTMENT OF** | : | |
| **VETERANS AFFAIRS, PATRICK** | | |
| **TROY,** | | |
| Defendants. | | |

---

## BRIEF OF THE DEFENDANT IN SUPPORT
## OF HIS MOTION TO DISMISS OR FOR SUMMARY JUDGMENT
## AS TO THE REHABILITATION ACT AND CIVIL RIGHTS CLAIMS
## AS WELL AS VARIOUS ALLEGATIONS IN THE COMPLAINT

---

CHRISTOPHER J. CHRISTIE
United States Attorney

On the Brief:
PETER G. O'MALLEY
Assistant U.S. Attorney

TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

PRELIMINARY STATEMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY . . . . . . . . . . . . . . . . . . . . . . . . 2

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Applicable Legal Standards . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Point I: The Referenced Claims Should Be Dismissed Entirely
As Plaintiff Did Not Timely Pursue Discrimination
Claims At The Administrative Level. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

II.  The Complaint Fails To State A Claim Under The Rehabilitation Act.
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

III. The Allegations In Paragraphs 15 (Penultimate Sentence), 40, 41,
And 43  Fail To State A Claim Of Hostile Work Environment
And Should Be Dismissed . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

IV: The Allegations In Paragraphs 37, 47, and 48 Should Be Dismissed
As They Do Not Address Acts Covered By Title VII And
Because Plaintiff Has Not Exhausted Her Remedies Under The
Whistle Blower Protection Act. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

A.  Acts Not Addressed By Title VII Retaliation Provisions . . . . . . . . . . . . . . . . . . . . . . 23

B. Failure To Exhaust Remedies In Whistle Blower Claims . . . . . . . . . . . . . . . . . . . . . . 24

V. The Complaint Should Be Dismissed As To Defendant Patrick Troy . . . . . . . . . . . . 27

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 28

TABLE OF AUTHORITIES

CASES

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Andrews v. Philadelphia, 895 F.2d 1469 (3d Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

Braun v. United States, 707 F.2d 922 (6th Cir. 1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Broadway v. Block, 694 F.2d 979 (5th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

Brown v. General Servs. Admin., 425 U.S. 820 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Celotex Corp. v. Catrett, 477 U.S. 317 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Chalk v. Secretary of Labor, 565 F.2d 764 (D.C. Cir.), cert. denied, 435 U.S. 945 (1978) . . 7

Chandler v. Roudebush, 425 U.S. 840 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

DeJoy v. Comcart Cable Communications Inc., 968 F.Supp. 963 (D.N.J. 1997) . . . . . . . . 19

Drinkwater v. Union Carbide Corp., 904 F.2d 853 (3d Cir. 1990) . . . . . . . . . . . . . . . . 21, 22

Dupont-Lauren v. Schneider (USA), Inc., 994 F.Supp. 802 (S.D.Tex. 1998) . . . . . . . . . . 23

Gaul v. Lucent Technologies, Inc., 134 F.3d 576 (3d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . 18

Harris v. Forklift Systems, Inc., 510 U.S. 17 (1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Hooks v. Army and Air Force Exchange Service, 944 F Supp. 503 (N.D.Tex.1996)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Ivey v. Rice, Secretary, Dept. of Air Force, 759 F. Supp. 394 (S.D. Ohio 1991) . . . . . . . . 11

Johnson v. Bergland, 614 F.2d 415 (5th Cir. 1980) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Knollenberg v. Merit Systems Protection Board, 953 F.2d 623 (Fed. Cir. 1992) . . . . . . . . 25

Langford v. County of Cook, 965 F. Supp. 1091 (N.D. Ill. 1997) . . . . . . . . . . . . . . . . . . . . 18

Mahon v. Crowell, 295 F.3d 585 (6th Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

McPherson v. Michigan High School Athletic Ass'n, 119 F.3d 453 (6th Cir.1997) . . . . . 14

Mengine v. Runyon, 114 F.3d 415, 418 (3d Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Menkowitz v. Pottstown Memorial Medical Center, 154 F.3d 113 (3d Cir. 1998) . . . . . . 14

Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Metsopulos v. Runyon, 918 F. Supp. 851 (D.N.J. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Miller v. Beneficial Management Corp., 758 F. Supp. 1074 (W.D. Pa.), aff'd without opinion, 941 F.2d 1202 (3d Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Palmer v. Circuit Court of Cook County, 905 F. Supp. 499 (N.D. Ill. 1995) . . . . . . . . . . 18

Pennsylvania State Police v. Suders, 124 S.Ct. 2342 (2004) . . . . . . . . . . . . . . . . . . . . . . . . 21

Potter v. Xerox Corp, 88 F. Supp. 2d 109 (W.D.N.Y. 2000) . . . . . . . . . . . . . . . . . . . . . . . . 18

Rehabilitation Act, McDonald v. Pennsylvania, 62 F.3d 92 (3d Cir. 1995) . . . . . . . . . . . 19

Robinson v. Dalton, 107 F.3d 1018 (3rd Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Shiring v. Runyon, 90 F.3d  827 (3d Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Soto v. U.S. Postal Service, 905 F.2d 537 (1st Cir. 1990), cert. denied, 498 U.S. 1027 (1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 27

Spence v. Straw, 54 F.3d 196 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Sperling v. United States, 515 F.2d 465 (3d Cir.), cert denied, 426 U.S. 919 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Stella v. Mineta, 284 F.3d 135  (D.C. Cir. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Strathie v. Dept. of Transportation, 716 F.2d 227 (3d Cir. 1983) . . . . . . . . . . . . . . . . . . . 14

Stroman v. Blue Cross and Blue Shield Ass'n, 966 F. Supp. 9, 11 (D.D.C. 1997) . . . . . . . 18

Sutton v. United Air Lines Inc., 527 U.S. 471 119 S.Ct. 2139 (1999) . . . . . . . . . . . . . . . . . 15

Tiltti v. Weise, 155 F.3d 596, 601 (2d Cir.1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

iv

Title VII. Mackay v. U.S. Postal Service, 607 F. Supp. 271 (E.D. Pa. 1985) . . . . . . . . . . . . 12

Toyota Motor Manufacturing, Kentucky, Inc. v. Williams, 534 U.S. 184, 122 S.Ct. 681 (2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Ugarte v. Johnson, 40 F.Supp.2d 178, (S.D.N.Y.1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

Wagner v. Fair Acres, 49 F.3d 1002 (3d Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

weats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987), . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Weiler v. Household Finance Corp., 101 F.3d 519, 524 (7th Cir. 1996) . . . . . . . . . . . . . . 18

Williams v. Borough of West Chester, 891 F.2d 458, 464 (3d Cir. 1990) . . . . . . . . . . . . . . 8

Yunus v. Dep't of Veterans Affairs, 242 F.3d 1367, 1371 (Fed. Cir. 2001) . . . . . . . . . . . . 25

STATUTES

5 U.S.C. § 1214  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

5 U.S.C. § 1214 (a)(1)(A) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

5 U.S.C. § 1214(a)(3), § 1221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

5 U.S.C. § 1221 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

5 U.S.C. § 2302(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

5 U.S.C. § 2302(b)(8) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

29 U.S.C. § 701 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 791 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

29 U.S.C. § 794a(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

29 U.S.C. § 794(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

42 U.S.C. § 2000e-3(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

42 U.S.C. § 12102(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

## REGULATIONS AND RULES

29 C.F.R. § 1614.103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

29 C.F.R. § 1614.105 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

29 C.F.R. § 1614.105(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

29 C.F.R. § 1614.106(c) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

29 C.F.R. § 1614.107(a)(2) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

29 C.F.R. § 1614.203(a)(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 26

29 C.F.R. § 1630.2(h) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11


Fed. R. Civ. P. 12(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 16

## PRELIMINARY STATEMENT

This civil action was brought by the plaintiff, Rhonda Garrett, against the defendant, Jim Nicholson, Secretary of the Department of Veterans Affairs, alleging a cornucopia of offenses which she alleges to have constituted employment discrimination in various forms, including race and disability as the alleged bases of the discrimination, and hostile environment, failure to select for promotion, and various other employment actions as the forms of discrimination she allegedly experienced.   For the following reasons, the Court should dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the claims raised in paragraphs 10, 11, 12,13,14, 15, 16, 18, 19, 20, 21, 24, 25, 26, 32, 33, 37, 40, 41, 42, 43, 47, 48, and Count Five of the complaint in the captioned matter for failure to state a claim on which relief can be granted. Many of these claims were, as will be shown, not timely brought to the attention of an EEO counselor or simply allege matters that do not amount to adverse employment actions.  Further, the Court should dismiss, or, in the alternative, grant summary judgment for the defendant as to plaintiff's Rehabilitation Act claim, Count Four, pursuant to Fed. R. Civ. P.  56, in that

1

plaintiff has not established that she is a qualified individual with a disability.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff, Rhonda E. Garrett, is a female African-American nurse employed by the Department of Veterans Affairs ("VA") as a head nurse at the East Orange facility of the New Jersey Health Care System ("NJHCS"). She was formerly employed as a head nurse at the NJHCS's Lyons, New Jersey, facility, until her unit closed during the consolidation of the two facilities.  The complaint filed in this case alleges numerous workplace incidents and decisions related to the reorganization which plaintiff claims constitute employment discrimination and discriminatory harassment.

In June 2000, plaintiff made her initial contact with an EEO counselor regarding the numerous allegations that became agency case number 200H-0604-2001104166 ("No. 4166").  As shown by Exhibit A to the Declaration of Peter G. O'Malley ("O'Malley Dec."), these allegations, which were put into a formal complaint on August 3, 2001, address incidents that went back as far as September 1996 through January 2000, before reaching more current complaints from May 2000 forward.  Exhibit

A.  The formal complaint in agency case number 200H-0604-2001103470 ("No. 3470") was filed on August 4, 2000, as to allegations first raised with an EEO counselor in June 2000, dealing with incidents that occurred in May and June 2000.   Exhibit B.

On February 19, 2002, plaintiff was notified by the VA's Office of Resolution Management ("ORM") of the partial acceptance and partial dismissal of her EEO complaint in No. 4166.  Dismissed as untimely — as not having been brought to the attention of an EEO counselor within 45 days — were the following claims:

1.    September 1997 removal as EEO investigator;
2.    May 1998 denial of request for copy an IG report;
3.    December 1998 reassignment of the assistant head nurse of her unit and denial of request for a replacement;
4.    Denial (January through June 1999) of requests for an assistant head nurse;
5.    October 19, 1999: alleged falsification of information on her CA-1 form by supervisor;
6.    Reassignment (March 2000) of her assistant head nurse followed by denial of requests for replacement.
7.    After September 1996 publication of article, and "outstanding" rating, did not receive step increase;
8.    No monetary award in September 1998 after publication of article;
9.    February 1997 statement by Associate director that she could be a staff nurse if she did not want particular head nurse job;
10.   April 27, 1998, reassignment with alleged statement that

3

she could be a staff nurse if she did not want job;

11. July 2000 reassignment of plaintiff's unit 143BW to European-American nurse;

12. Alleged statement by Associate Director on June 29, 2001, that she could be a staff nurse and have any assignment she wanted;

13. June 1997 denial of request to attend conference for minority coordinators;

14. September 2000 questioning as to why she had to attend an upcoming military training course;

15. Failure to give day off prior to going on military leave in September 1999;

16. Being informed on October 19, 1999, that her counseling letters would not be rescinded;

17. Rating reduced to satisfactory from outstanding in August 1999;

18. Being required to work a weekend in January 2000 because of an incident in her unit;

19. 1998 incident wherein another head nurse's unit was closed and this person was allowed to decline one alternate position and wait for a subsequent opening;

20. Denial of request for a specific assistant head nurse in March 1999;

21. March 2000 movement of patients into and out of units 143BE, 143BW, and PTSD;

22. January 2001 announcement that unit 143CN was closing; plaintiff allegedly not aware until April 2001;

23. May 2001 unit closing so that there were no black head nurses at Lyons.

In addition, numbers 1, 2, 14, 15, 19, 21, and 23, above were dismissed as

not constituting actions whereby plaintiff was aggrieved; No. 12 above was

also dismissed as not constituting harassment, as alleged.   O'Malley Dec.,

4

Exhibit C.

Other claims that were dismissed as not constituting harassment, as alleged by plaintiff, included:

1.    Denial of request for annual leave for August 2-3, 2001;
2.    Proficiency report of July 18, 2001, allegedly containing goals that were misleading and information that was incorrect.

*Id.*.

Dismissed as stating claims that are already pending before the agency (or that have already been decided) were the following claims:

1.    That she was told, in June 2000, that she was "too negative" and that she should find something else to do;
2.    Written counseling of May 10, 2000, regarding patient count roster sheets;
3.    May 17, 2000, rating as "satisfactory" on proficiency report.

*Id.*

As to case no. 3470, plaintiff was advised that the allegation that on June 2, 2000, plaintiff was told by the Associate Director of Patient Care and the Director of Clinical Services that she was "too negative" was being dismissed as it did not constitute an action whereby plaintiff was aggrieved since she did not suffer loss or harm with regard to a term,

5

condition, or privilege of employment.  O'Malley Dec., Ex. D.  Procedural

dismissal of the untimely claims was upheld in the Final Agency Decisions

dated November 29, 2004, and February 8, 2005.  O'Malley Dec., Exhibit E

and Exhibit F.

In October 2002, plaintiff reportedly learned that another employee at

the VA had made unauthorized access to her computerized medical

records.  According to the complaint, the alleged failure of management to

act promptly in disciplining this employee constitutes evidence of a hostile

work environment.  Complaint, ¶ 43.

Also included in the complaint are several allegations that appear to

suggest that she was retaliated against for speaking, or "threatening" (her

term) to speak to the Inspector General about staffing shortages.

Complaint, paragraphs  37, 47, and 48.  Nowhere is there an allegation that

she is raising a whistle-blower claim, or that she pursued her

administrative remedies as to such a claim.

## ARGUMENT

### Applicable Legal Standards

In this motion, defendant will rely on documents from the

administrative file that are arguably outside the pleadings.  Accordingly,

the Court may wish to consider this motion as one for summary judgment

pursuant to Fed. R. Civ. P. 56, *see* Fed. R. Civ. P. 12(b), at least as to those

counts of the complaint for which reference to the administrative

proceedings is necessary[1].   In that case, defendant notes that although a

plaintiff in an employment discrimination case is entitled to a *de novo*

hearing on her claims in district court, *Chandler v. Roudebush*, 425 U.S. 840

(1976), she is not entitled to a full trial on the merits if summary judgment

is appropriate.  *See e.g., Miller v. Beneficial Management Corp.*, 758 F. Supp.

1074, 1076-78 (W.D. Pa.), *aff'd without opinion*, 941 F.2d 1202 (3d Cir. 1991).

Summary judgment may be granted based upon the pleadings,

supplemental affidavits, and facts developed during the administrative

proceedings.  *See Chalk v. Secretary of Labor*, 565 F.2d 764, 767 (D.C. Cir.),

*cert. denied*, 435 U.S. 945 (1978); *Sperling v. United States*, 515 F.2d 465, 481-

82 (3d Cir.), *cert denied*, 426 U.S. 919 (1976).

Where no genuine dispute exists as to any material fact, summary

---

[1]As is set forth in the text, certain counts of the complaint (*see* Points II and III) are subject to dismissal under Rule 12(b)(6) for failure to state a claim based on plaintiff's failure to plead facts that would entitle her to relief.

judgment is required.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).  In this context, a genuine issue of material fact is one that would change the outcome of the litigation.  *Id.* at 247.  "The burden on the moving party may be discharged by 'showing' – that is, pointing out to the [Court] – that *there is an absence of evidence to support the non-moving party's case.*"  *Sweats Fashions, Inc. v. Pannill Knitting Company, Inc.*, 833 F.2d 1560, 1563 (Fed. Cir. 1987), *quoting Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (emphasis in original).  Once the moving party has met its burden, the non-movant may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue for trial exists.  *Williams v. Borough of West Chester*, 891 F.2d 458, 464 (3d Cir. 1990), citing to *Celotex*, 477 U.S. at 322-24.  Thus, to avoid summary judgment in this case, the plaintiff must state specific facts or present some objective evidence that would enable the court to find that she is entitled to relief.

In this case, for purposes of this motion, the defendant assumes the absence of any genuine issues of material fact as to the incidents underlying the complaint: that is, defendant assumes that plaintiff had the stated encounters with management and that she viewed these events

8

negatively.[2]  Accepting the plaintiff's allegations at face value, the

defendant submits, as to the claims addressed in Points II and III, that they

do not establish a claim for harassment.  Therefore, the defendant is

entitled to judgment as a matter of law because plaintiff can provide no

evidence that would support any of her claims of discrimination.

### Point I: The Referenced Claims Should Be Dismissed Entirely As Plaintiff Did Not Timely Pursue Discrimination Claims At The Administrative Level.

As stated above, and as shown by the exhibits to the Declaration of

Peter G. O'Malley, plaintiff did not timely raise allegations of

discrimination as to the claims now asserted in paragraphs 10, 11, 12,13,14,

15, 16, 18, 19, 20, 21, 24, 25, 26, 32, 33, 37, 40, 41, 42, 43, 47, 48, and Count

Five of the complaint when she filed her discrimination complaint at the

agency level.   Regulations promulgated by the Equal Employment

Opportunity Commission provide the exclusive administrative remedy for

complaints of employment discrimination brought against federal

government agencies, including, of course, the VA.  29 C.F.R. § 1614.103 et

seq.

---

[2]If this motion is denied, however, defendant reserves the right to contest the details of these incidents and, where appropriate, whether or not they occurred.

9

Under those regulations, "persons who believe that they have been discriminated against on the basis of race, color, religion, sex, national origin, age, retaliation or handicap," must first attempt to resolve the matter informally by consulting with a counselor. 29 C.F.R. § 1614.105. A complainant is required to contact an EEO Counselor "within 45 days of the date of the matter alleged to be discriminatory or, in the case of personnel action, within 45 days of the effective date of the action." 29 C.F.R. § 1614.105(a)(1). If the matter is not resolved upon consultation with a counselor, the complainant must file a complaint with the employing agency, stating, inter alia, "the action(s) or practice(s) that form the basis of the complaint." 29 C.F.R. § 1614.106(c). The regulation also specifies the following as to the procedural requirements of perfecting a claim:

> (b)(1) At the initial counseling session, Counselors must advise individuals in writing of their rights and responsibilities, including the right to request a hearing or an immediate final decision after an investigation by the agency in accordance with § 1614.108(f), election rights pursuant to §§ 1614.301 and 1614.302, the right to file a notice of intent to sue pursuant to § 1614.201(a) and a lawsuit under the ADEA instead of an administrative complaint of age discrimination under this part, the duty to mitigate damages, administrative and court time frames, and that **only the claims raised in precomplaint counseling (or issues or claims like or related to issues or claims raised in pre-complaint counseling) may be alleged in**

**a subsequent complaint filed with the agency.** [emphasis supplied].

The regulations also make it clear that "[p]rior to a request for a hearing in a case, the agency shall dismiss an entire complaint ... [t]hat fails to comply with the applicable time limits contained in §§ 1614.105, 1614.106 and 1614.204(c)." 29 C.F.R. § 1614.107(a)(2).

These regulatory provisions are in keeping with long and well established requirement that federal employees believing themselves aggrieved by discriminatory personnel actions must first comply with the administrative procedural demands of Title VII before initiating a civil action alleging employment discrimination.   *Brown v. General Servs. Admin.*, 425 U.S. 820, 832 (1976);  *Robinson v. Dalton*, 107 F.3d 1018, 1020-21 (3rd Cir. 1995); *Spence v. Straw*, 54 F.3d 196 (3d Cir. 1995).

Indeed, courts have held that if sanctions were not imposed for failure to comply with the administrative regulations, they would be rendered meaningless, thereby frustrating the goals of the administrative process.  *See Ivey v. Rice, Secretary, Dept. of Air Force,* 759 F. Supp. 394, 400-01 (S.D. Ohio 1991), *aff'd*, 961 F.2d 1577 (6th Cir. 1992); *see also Johnson v. Bergland,* 614 F.2d 415, 417-18 (5th Cir. 1980) (emphasizing that "if the

11

agency does not reach the merits of the complaint because the complainant fails to comply with administrative procedures the Court should not reach the merits either. Otherwise, the complainant might be dilatory at the administrative level, knowing that he can get into federal court anyway.") (internal citations omitted).

This requirement of exhaustion specifically applies to Rehabilitation Act cases as well as to those brought under Title VII. *Mackay v. U.S. Postal Service*, 607 F. Supp. 271 (E.D. Pa. 1985). Failure to exhaust the administrative remedies provided by Title VII subjects a plaintiff's claims under section 501 of the Rehabilitation Act, 29 U.S.C. § 791, to dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *Robinson,* 107 F.3d at 1020; *Spence v. Straw*, 54 F.3d 196, 201-202 (3d Cir. 1995); *see also Metsopulos v. Runyon*, 918 F. Supp. 851, 857 (D.N.J. 1996) *(citing Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1992)). Because plaintiff has, as stated above, failed to meet this requirement, Count Five of the complaint must be dismissed, as should paragraphs 10, 11, 12,13,14, 15, 16, 18, 19, 20, 21, 24, 25, 26, 32, 33, 37, 40, 41, 42, 43, 47, 48, insofar as they are read to constitute

substantive claims[3].

## II.  The Complaint Fails To State A Claim Under The Rehabilitation Act.

Plaintiff alleges a claim under the Rehabilitation Act of 1973, 29

U.S.C. § 701, et seq., based on her allegation that she has been diagnosed

with mitral valve prolapse, Complaint, paragraph 54, and Count Four.  The

alleged condition, which, the complaint continues, causes plaintiff to suffer

shortness of breath and heart palpitations at unspecified times.  Complaint,

paragraph 54.  Nowhere in the complaint does plaintiff allege that the

condition in question limits any major life activity and, while she asserts

that the defendant did not provide her with a reasonable accommodation,

Complaint, paragraph 57, she also states that she could perform the major

functions of her job *without* such accommodation, paragraph 56 (emphasis

added), and fails to allege what accommodations she sought from her

employer.

While this case is brought under the Rehabilitation Act, and not

Title I of the Americans with Disabilities Act ("ADA"), analyses of claims

---

[3]The language of the complaint is less than clear on this point, as it contains a lengthy section entitled "Factual Background" in which numerous dismissed allegations appear, while some of the dismissed allegations also appear in the substantive counts, e.g., paragraphs 40-42.

13

made under the two acts follow the same pattern and standards. *See McPherson v. Michigan High School Athletic Ass'n*, 119 F.3d 453, 60 (6th Cir.1997)( "By statute, the Americans with Disabilities Act standards apply in Rehabilitation Act cases alleging employment discrimination," *citing* 29 U.S.C. § 794(d) (federal grants and programs provisions of Act)).  Thus, under the statute, plaintiff, in order to make out a prima facie case of discrimination, bears the burden of showing: (1) that she is a handicapped individual under the Act; (2) that she is 'otherwise qualified' for the position; and (3) that she was nonetheless terminated [or disciplined] solely by reason of her handicap.  *Menkowitz v. Pottstown Memorial Medical Center*, 154 F.3d 113, 122 (3d Cir. 1998); *see also Shiring v. Runyon,* 90 F.3d 827 (3d Cir. 1996); *Wagner v. Fair Acres*, 49 F.3d 1002 (3d Cir. 1995); *Strathie v. Dept. of Transportation*, 716 F.2d 227, 230 (3d Cir. 1983).

Similarly, of course, the standards for determining whether there has been a violation of the Rehabilitation Act are the same as those applied under the ADA.  29 U.S.C. § 791(g); *see Mengine v. Runyon*, 114 F.3d 415, 418 (3d Cir. 1997).  By further analogy, Supreme Court decisions sharply limiting the reach of the ADA also apply to cases brought under the

14

Rehabilitation Act.  *See, e.g., Toyota Motor Manufacturing, Kentucky, Inc. v. Williams*, 534 U.S. 184, 122 S.Ct. 681, 690-92 (2002); *Sutton v. United Air Lines Inc.*, 527 U.S. 471, 481-89, 119 S.Ct. 2139 (1999); *accord,  Mahon v. Crowell*, 295 F.3d 585, 589 (6th Cir. 2002).

In *Toyota Motor Manufacturing*, the Supreme Court reiterated the standard for determining if an individual was disabled.  The court stated:

> In turn, a "disability" is:
>
> "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
> "(B) a record of such an impairment;  or
> "(C) being regarded as having such an impairment." § 12102(2).

*Toyota Motor Manufacturing*, 534 U.S. at 689.

Continuing its analysis, the Court noted that "[m]erely having an impairment does not make one disabled for purposes of the ADA. Claimants also need to demonstrate that the impairment limits a major life activity."  *Id.,* at 690.  The Court further noted: "[t]o qualify as disabled, a claimant must further show that the limitation on the major life activity is 'substantia[l].'" *Id.*  Use of the word "substantial", the Court noted, "clearly precludes impairments that interfere in only a minor way with the performance of manual tasks from qualifying as disabilities."  *Id*.  Thus, to

qualify as having an impairment there must be a substantial limitation of a

major life activity, with emphasis on all of the adjectives in that phrase.  To

emphasize this point, the Court stated that:

> to be substantially limited in performing manual tasks, an
> individual must have an impairment that prevents or severely
> restricts the individual from doing activities that are of central
> importance to most people's daily lives.   The impairment's
> impact must also be permanent or long-term.

*Id*.

The Court, in its analysis, noted the very strong interrelationship

between the ADA and the Rehabilitation Act definitions of disability and

the applicability of interpretation from one Act to the other.  *Id*.   Thus, the

analysis of disability as found in *Toyota Motor Manufacturing* is fully

applicable in this instance.  As will be shown, then, under this standard,

plaintiff has failed to allege any facts that show how she meets the first

requirement for relief under the Act, so that this aspect of the complaint

must be dismissed.

The first part of plaintiff's burden requires her to allege facts that

would show that she is, or was at the time in question, an "individual with

a handicap" within the meaning of the statute.  The Rehabilitation Act,

incorporating the ADA standards, defines a handicapped individual as a person "who (i) has a physical or mental impairment which substantially limits one or more of such person's major life activities."  42 U.S.C. § 12102(2).  "Major life activities" are defined in 29 C.F.R. § 1614.203(a)(3) as "functions, such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working."

Plaintiff has not alleged anything in the complaint to suggest that her mitral valve prolapse limits her in any major life activity at all, let alone substantially limits the major life activity of working, as required under the *Toyota Motor* analysis, set out above.  Instead, she simply alleges that the condition "caused [past tense in original] her to suffer shortness of breath and heart palpitations."  Complaint, paragraph 54.  Not only is there no allegation that the condition limited her ability to do anything — work related or otherwise — but she affirmatively states in the next paragraph that she is able, despite the condition, to perform her job activities "with or without accommodation."  Complaint, paragraph 55.

Even if the intent of the complaint can be read to suggest a claim that the actual "disability" alleged is an inability to work under her current

17

supervisor since he is allegedly the cause of her stress, this also fails to state a claim.  The majority of the courts considering the question, including the Third Circuit, have held that the mere inability to work under a particular supervisor because of alleged stress precipitated by that interaction does not constitute a disability or handicap that substantially limits the major life activity of working, under the EEOC regulations as set out in 29 C.F.R. § 1630.2(h) through § 1630(j).  *Gaul v. Lucent Technologies, Inc.*, 134 F.3d 576, 580 n. 3 (3d Cir. 1998), *citing Weiler v. Household Finance Corp.*, 101 F.3d 519, 524 (7th Cir. 1996) (major life activity of working is not "substantially limited" if plaintiff simply cannot work under a certain supervisor who causes anxiety or stress); *Potter v. Xerox Corp*, 88 F. Supp. 2d 109, 112 (W.D.N.Y. 2000) (where alleged impairment is inability to work under particular supervisor, no claim is stated under the ADA); *Stroman v. Blue Cross and Blue Shield Ass'n*, 966 F. Supp. 9, 11 (D.D.C. 1997), *aff'd*, 159 F.3d 637 (D.C.Cir. 1998) (inability to work for particular supervisor does not qualify as a disability); *Langford v. County of Cook*, 965 F. Supp. 1091, 1096 (N.D. Ill. 1997) (allegation of ability to work, if under a different supervisor, did not state ADA claim); *Palmer v. Circuit Court of Cook County*,

905 F. Supp. 499 (N.D. Ill. 1995);  *aff'd,* 117 F.3d 351 (7th Cir. 1997); *cert. denied,* 522 U.S. 1096 (1998) (same).

In any event, nowhere does the complaint allege what limitations, if any, were caused by the condition, or how or when these were brought to the attention of management, other than the allegation in paragraph 16 (never timely brought to the attention of a counselor) that she had to take time off work from October 19 to mid-December 1999.  As to the period of absence, allegedly due to her condition, the Third Circuit has held that where, as here, the inability to work caused by an impairment is of limited duration, the impairment is not a disability under the ADA or the Rehabilitation Act, *McDonald v. Pennsylvania,* 62 F.3d 92, 95-96 (3d Cir. 1995), *accord, DeJoy v. Comcart Cable Communications Inc.,* 968 F.Supp. 963, 984-5 (D.N.J. 1997).  In addition, plaintiff has not identified any evidence to show that she was perceived as having a disability by her employers. Indeed, the tenor of the complaint, especially insofar as it includes a non-selection cause of action, argues against any suggestion raised in Count Four that she is, was, or was perceived as, a disabled individual.  Because she has not alleged facts sufficient to make out a prima facie case for

19

handicap discrimination, this count of the complaint should be dismissed

for failure to state a claim.

### III. The Allegations In Paragraphs 15 (Penultimate Sentence), 40, 41, And 43  Fail To State A Claim Of Hostile Work Environment And Should Be Dismissed

In her rather far-reaching complaint, plaintiff has included as alleged

sources of injury several incidents that she incorrectly categorizes as

constituting a hostile work environment.  These include: paragraph 15

(penultimate sentence) (being told she was "too negative"), 40 (being told

she should "do something else"), 41 (same as 15), and 43 (unauthorized

access of plaintiff's medical records by non-managerial employee).

Because none of these actions, assuming that they occurred exactly as

plaintiff alleged, affected a term or condition of employment[4], or was part

of a pervasive atmosphere of hostility as defined by the case law, these

allegations should be dismissed.

In its most recent pronouncement on the subject, the Supreme Court

has reaffirmed that an employer can only be liable for harassment that

---

[4] Title VII makes it unlawful for an employer to discriminate against any individual with respect to the "**compensation, terms, conditions, or privileges of employment**, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (emphasis added).

"culminates in a tangible employment action." *Pennsylvania State Police v. Suders*, 124 S.Ct. 2342, 2352 (2004) (citations omitted). In *Suders*, the Court reiterated that, in order for "an atmosphere of . . . harassment or hostility to be actionable" the behavior complained of "'must be sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id., citing Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57 at 67 (1986); *accord Harris v. Forklift Systems, Inc.*, 510 U.S. 17, 21 (1993).

In *Harris,* the Court held that "[w]hen the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment, Title VII is violated." *Harris*, 510 U.S. at 21 (internal quotation marks and citation omitted). Nonetheless, the harassment must be pervasive enough to create an atmosphere that a *reasonable person* would find hostile or abusive. *Id.* Similarly, in *Drinkwater v. Union Carbide Corp.*, 904 F.2d 853 (3d Cir. 1990), the Third Circuit found that a plaintiff could not survive a motion for summary judgment on her hostile work environment claim where the evidence plaintiff presented

was that (1) plaintiff's supervisor had commented that he hired a woman

with whom he later had a romantic relationship because she was attractive,

and (2) the supervisor began a meeting with plaintiff by commenting on

her makeup, eyeshadow, and clothing.  The court held that these two

comments were insufficient to establish a hostile work environment claim.

See *Id.*, 904 F.2d at 863 ("Hostile environment harassment claims must

demonstrate a continuous period of harassment, and two comments do not

create an atmosphere.").   Here, the two alleged comments (being too

negative and the alleged suggestion that plaintiff do another type of job —

apparently made in the context of a performance review — fall far short of

the type of conduct necessary to meet this standard.

Plaintiff must also show a specific basis for imputing the hostile work

environment to the employer.  *Andrews v. Philadelphia*, 895 F.2d 1469 (3d

Cir. 1990).   In the case of the access to medical records, there is nothing to

indicate that the acts of the employee who unlawfully obtained access to

plaintiff's records and who, according to plaintiff, was disciplined (though

not fast enough for her liking) was acting at the direction of or with the

tacit approval of the employer.  Thus, this claim must also be dismissed.

### IV: The Allegations In Paragraphs 37, 47, and 48 Should Be Dismissed As They Do Not Address Acts Covered By Title VII And Because Plaintiff Has Not Exhausted Her Remedies Under The Whistle Blower Protection Act.

#### A.  Acts Not Addressed By Title VII Retaliation Provisions

Title VII and the Rehabilitation Act protect against retaliation by an employer against an employee who has participated in protected activity by either (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII or (2) "mak[ing] a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a) or 29 U.S.C. § 794a(a)(1); *see Dupont-Lauren v. Schneider (USA), Inc.*, 994 F.Supp. 802 (S.D.Tex. 1998). Here, among the  claims in which plaintiff is alleging that defendants have engaged in illegal retaliation are those raised in paragraphs 47 and 48. Paragraph 47 alleges retaliation against plaintiff for threatening to complain to the Inspector General about inadequate staffing levels in her unit, while paragraph 48 alleges retaliation for making such complaints to investigators who visited her unit.

Threatening to make a complaint about inadequate staffing levels is not, under even a strained reading of the statute, participation in "an

23

investigation, proceeding, or hearing" under either of the remedial statutes (Title VII or the Rehabilitation Act) at issue here.   Similarly, the type of behavior which plaintiff alleges that she complained about, or threatened so to do, i.e., operating a unit of a hospital facility with inadequate staffing, does not constitute a "practice made an unlawful employment practice" by either Title VII or the Rehabilitation Act.  Thus, these allegations, and any claims purportedly based on them, must be dismissed for failure to state a claim under either of these statutes.

### B. Failure To Exhaust Remedies In Whistle Blower Claims

The allegations in paragraphs 47 and 48, discussed above, as well as the retaliation alleged in paragraph 37, refer to issues that are addressed, not by Title VII or the Rehabilitation Act, but by the Whistle Blower Protection Act [WPA], which sets out the specific procedural requirements whereby a federal employee must perfect a claim and pursue an action for alleged retaliation for reporting violations such as fraud, abuse, and health and safety violations.  To the extent that such a claim can be brought, it must be within the framework of the "Individual Right of Action" procedure created by 5 U.S.C. § 1221, which expanded the jurisdiction of

24

the Merit Systems Protection Board [hereafter MSPB] to enable it to hear claims of retaliation for whistle blowing which had been previously outside its jurisdiction. *See Knollenberg v. Merit Systems Protection Board*, 953 F.2d 623, 625 (Fed. Cir. 1992).

Like Title VII, however, the WPA has its own exhaustion of remedies requirement, pursuant to which federal employees alleging retaliation under the WPA must first bring their complaints to the Office of Special Counsel (hereafter OSC).   5 U.S.C. § 1214 (a)(1)(A)[5].   If the OSC terminates the investigation, then the employee may file a whistle blower claim with the MSPB.  5 U.S.C. § 1214(a)(3), § 1221, and § 2302(b)(8).  The MSPB has jurisdiction over an individual right of action if the employee has exhausted all remedies before the OSC and makes a non-frivolous allegation that he had made a protected disclosure that qualifies as "whistle blowing" under 5 U.S.C. § 2302(b)(8),  and that this disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  *Yunus v. Dep't of Veterans*

--------

[5]An exception from this procedure exists when the Plaintiff brings what is called a "mixed case" exhausting remedies before the MSPB.  There is no evidence here that anything was filed with the MSPB, and certainly not a mixed case.

*Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

Appeals from MSPB decisions must be made to the Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703. *Stella v. Mineta*, 284 F.3d 135, 141, 350 U.S. App. D.C. 300, 306 (D.C. Cir. 2002). Since plaintiff has not raised a whistle blower claim in the correct administrative forum, there is no issue to take to the Federal Circuit and, in any event, this Court is not the proper forum for addressing this claim at this time, in that there is no original jurisdiction over a whistle blower claim in federal court. *Ugarte v. Johnson*, 40 F.Supp.2d 178, (S.D.N.Y.1999), nor is there an implied cause of action under the CSRA or the WPA. *See, e.g., Braun v. United States*, 707 F.2d 922, 925 (6th Cir. 1983); *Broadway v. Block*, 694 F.2d 979, 983-84 (5th Cir. 1982); *Hooks v. Army and Air Force Exchange Service*, 944 F Supp. 503, 506 (N.D.Tex.1996) (claim of whistle blower retaliation); *see also Tiltti v. Weise*, 155 F.3d 596, 601 (2d Cir.1998) (CSRA bars district court from reviewing claim, under Administrative Procedure Act, of agency's reassignment of employee). Plaintiff failed to allege exhaustion of remedies in the complaint (indeed, she does not refer at all to the WPA), and there are no documents that can be used to establish that the exhaustion requirement

was met.  Thus, the allegations in the nature of a WPA complaint must also be dismissed.

**V. The Complaint Should Be Dismissed As To Defendant Patrick Troy**

In the complaint, plaintiff has named her second line supervisor, Patrick Troy, as a defendant.  Defendant submits that the only proper defendant in a Title VII or Rehabilitation Act case brought by a federal employee claiming damages for alleged discrimination, discriminatory harassment, or discriminatory reprisal, is the head of the employing federal agency.  42 U.S.C.  § 2000e-16(c); *see, e.g., Soto v. U.S. Postal Service*, 905 F.2d 537 (1st Cir. 1990), *cert. denied*, 498 U.S. 1027 (1991).  Since the only claims that can be addressed in this action are those that would be cognizable in such an employment discrimination suit, the complaint should be dismissed as to Patrick Troy, and as to any other supervisory employee identified in the complaint, should the Court construe any such reference as an intent to name these individuals as defendants.

27

## CONCLUSION

For the foregoing reasons, the court should dismiss the counts of the complaint discussed above or, in the alternative, grant summary judgment for the defendant on those issues.

Respectfully submitted,

CHRISTOPHER J. CHRISTIE
United States Attorney

By:   S / *Peter G. O'Malley*
PETER G. O'MALLEY
Assistant United States Attorney

28