NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

———————————————————
                              :

RHONDA GARRETT,             :
                              :
         Plaintiff,      :
     v.                   :     CIVIL ACTION NO. 05-1164 (JLL)
                              :
UNITED STATES DEP'T OF VETERANS :
AFFAIRS, ET AL.,           :       **OPINION**
         Defendants.   :
———————————————————:

      Plaintiff, Rhonda Garrett, an African-American female, was employed as a head nurse by the United States Department of Veterans Affairs (the "Department").  Plaintiff alleges that during her employment, she was subject to a variety of discriminatory acts due to her race and purported disability, a mitral valve prolapse which Plaintiff claims is brought on by anxiety.[1]

## I.    Procedural History

      On February 25, 2005, Plaintiff filed a complaint against Defendants, the United States Department of Veterans Affairs (the "Department"); Jim Nicholson, Secretary of the Department; and Patrick Troy, Associate Director of Patient Care Services for the Department and Plaintiff's supervisor.  Plaintiff asserts claims for racial discrimination, hostile work environment, and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; discrimination in violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.; retaliation under the Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8); and retaliation for

———————————————————

[1]  The Court will not discuss the factual history in depth in this opinion.  A discussion of the relevant facts has already been set forth in the Court's September 13, 2006 opinion.

engaging in protected speech in violation of 42 U.S.C. § 1983.[2]

Defendants filed a motion to dismiss, or alternatively, motion for summary judgment on certain of Plaintiff's claims and allegations on or about December 1, 2005.  Defendants raised a variety of arguments including Plaintiff's failure to exhaust the proper administrative remedies and failure to state a claim pursuant to the applicable rules.  By opinion and order dated September 13, 2006, the Court granted in part and denied in part Defendants' motion.

First, the Court declined to dismiss Plaintiff's allegations in paragraphs 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 24, 25, 26, 32, 33, 37, 40, 41, 42, 43, 47, 48 and Count Five (42 U.S.C. § 1983 claim) based on Plaintiff's failure to properly exhaust such claims with the Equal Employment Opportunity Commission ("EEOC").  The Court noted that Plaintiff did not dispute that the allegations in these paragraphs were subject to dismissal for failure to exhaust.[3] However, the Court refused to dismiss the allegations because they were part of a continuing violation which comprised a hostile work environment claim.  Since Plaintiff set forth at least one allegation which met the requisite procedural requirements, her otherwise unexhausted claims were salvaged under the continuation violation theory.

Second, the Court refused to dismiss the allegations in paragraphs 15 (penultimate sentence), 40, 41, and 43 because, despite Defendants' contention that such allegations failed to state a hostile work environment claim under Title VII, such claims must be examined by viewing the totality of the circumstances and thus, it would be improper to dismiss particular allegations in a piecemeal fashion.

_____

[2] Jurisdiction is premised on the presence of federal questions, 28 U.S.C. § 1331, and on diversity, 28 U.S.C. § 1332.

[3] In fact, Plaintiff claimed that the allegations in paragraphs 47 and 48 were properly exhausted, although she admitted they were filed in the wrong forum.

Third, the Court held that Plaintiff stated a claim for discrimination based on a disability under the Rehabilitation Act.

Fourth, the Court dismissed paragraphs 47 and 48 of Plaintiff's complaint, to the extent that such claims are based on retaliation in violation of Title VII, because, since Plaintiff did not engage in protected activity, such allegations could not form the basis of a retaliation claim.

Fifth, the Court dismissed Plaintiff's Title VII claims against Patrick Troy because he is not a proper defendant in a Title VII lawsuit, and Plaintiff stated no opposition to the dismissal of such claims against Troy.

Before the Court is Defendants' motion for reconsideration of the Court's September 13, 2006 opinion and order brought pursuant to Fed. R. Civ. P. 59(e) and L. Civ. R. 7.1(i). Defendants seek reconsideration of this Court's findings with respect to Plaintiff's Title VII hostile work environment claim and Rehabilitation Act claim.  Plaintiff did not oppose this motion, although she was permitted to do so pursuant to L. Civ. R. 7.1(i).  For the following reasons, this motion is granted in part and denied in part.

## II.  __Legal Standard__

Federal Rule of Civil Procedure 59(e) provides that a party may file a motion with the Court to alter or amend a judgment within ten days of the entry of the judgment.  Local Civil Rule 7.1(i) states that a motion for reconsideration "setting forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked" may be filed within ten business days after entry of an order.  L.Civ.R. 7.1(i).[4]  Reconsideration, however, is an extraordinary remedy and should be granted "very sparingly."  __See__ L.Civ.R. 7.1(i) cmt.6(d); __see__ __also__ __Fellenz v. Lombard Investment Corp.__, Nos. 04-3993, 04-5768, 04-3992, 04-

---

[4] This rule was previously Local Civil Rule 7.1(g).

3

6105, 2005 WL 3104145, at *1 (D.N.J. Oct. 18, 2005) (citing Maldonado v. Lucca, 636 F. Supp.

621, 630 (D.N.J. 1986)).

There are three grounds for granting a motion for reconsideration:  (1) an intervening

change in controlling law has occurred; (2) evidence not previously available has become

available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See,

e.g., Carmichael v. Everson, No. 03-4787, 2004 WL 1587894, at *1 (D.N.J. May 21, 2004);

Brackett v. Ashcroft, No. Civ. 03-3988, 2003 WL 22303078, at *2 (D.N.J. Oct. 7, 2003).

Defendants' motion rests on the argument that reconsideration is "necessary to correct a

clear error of law or prevent manifest injustice."  This generally means that the Court overlooked

some dispositive factual or legal matter that was presented to it.  See L.Civ.R. 7.1(i); see also

Fellenz, 2005 WL 3104145, at *1; Carmichael v. Everson, 2004 WL 1587894, at *1 (D.N.J. May

21, 2004).

## III.   **Legal Discussion**

Defendants argue that the Court overlooked certain United States Supreme Court and

Third Circuit precedent in rendering its decision on Plaintiff's hostile work environment

allegations and improperly failed to dismiss Plaintiff's Rehabilitation Act claim.  Specifically,

Defendants argue that the Court:

(1)   overlooked the Supreme Court's definition of a continuing violation in Nat'l R.R.
Passenger Corp. v. Morgan, 536 U.S. 101 (2002), and improperly applied the
standards set forth by the Third Circuit in Rush v. Scott Speciality Gases, Inc.,
113 F.3d 476 (3d Cir. 1997) and West v. Philadelphia Electric Co., 45 F.3d 744
(3d Cir. 1995), which warrant dismissal of the allegations in paragraphs 10, 11,
12, 13, 14, 15, 16, 18, 19, 20, 21, 24, 25, 26, 32, 33, 37, 40, 41, 42, 43, 47, and 48
of Plaintiff's complaint, as well as Count Five (42 U.S.C. § 1983 claim);

(2)   improperly failed to dismiss Plaintiff's hostile work environment allegations in
paragraphs 15 (penultimate sentence), 40, 41, and 43 because such allegations do
not establish a pervasive atmosphere of hostility, have not affected a term or

4

condition of employment, and Plaintiff has not set forth a basis for imputing vicarious liability upon her employer; and

(3)     improperly determined that Plaintiff sufficiently stated a claim for violation of the Rehabilitation Act because Plaintiff failed to allege facts which demonstrate that her purported disability limits one or more of her major life activities.

The Court will discuss these issues in turn.

## A.   <u>Continuing Violation Theory</u>

First, the Court grants Defendants' motion for reconsideration on issue one above. In its September 13, 2006 opinion, the Court noted that Plaintiff essentially conceded that the allegations in the paragraphs identified by Defendants were subject to dismissal for failure to exhaust administrative remedies.[5] However, the Court, guided by Third Circuit's decision in <u>West</u>, which pre-dates <u>Morgan</u>,[6] ultimately found that Plaintiff's otherwise unexhausted claims

---

[5] Plaintiff's failure to exhaust is premised on the requirement that Plaintiff bring her claims to the attention of an EEOC counselor within forty-five days of their occurrence. 29 C.F.R. §§ 1614.105(a)(1) (stating that persons who claim racial discrimination must consult a counselor within forty-five days of the date of incident prior to filing a complaint), 1614.107(a)(2) (stating that failure to meet the requirements of § 1614.105 mandates dismissal); <u>Discenza v. Hill</u>, No. 06-4109, 2007 WL 669284, at *2 (3d Cir. Mar. 6, 2007) (indicating that an individual fails to properly exhaust his administrative remedies where he fails to consult with an EEOC counselor within forty-five days of becoming aware of the alleged discriminatory act); <u>see also</u> <u>Notice of Partial Acceptance and Partial Dismissal of EEOC Complaint</u> (Feb. 19, 2002) at ¶¶ 7-10 (finding that Plaintiff failed to meet the requirements of §§ 1614.105 with respect to numerous claims).

[6] This Court has no occasion to determine which, if any portions of the Third Circuit's decision in <u>West</u>, are rendered obsolete by the Supreme Court's decision in <u>Morgan</u>. However, the Third Circuit in <u>West</u>, in line with <u>Morgan</u>, does note that to establish that a claim falls within the purview of the continuing violations theory, a plaintiff must show that the harassment is " 'more than the occurrence of isolated or sporadic acts of intentional discrimination.' " <u>See</u> <u>West v. Philadelphia Electric Company</u>, 45 F.3d 744, 755 (3d Cir. 1995) (internal citation omitted).

Further, the <u>West</u> court faced a different issue than that which is before this Court or which was before the <u>Morgan</u> Court—whether *evidence* of incidents which are otherwise time-barred under Title VII regulations are *admissible at trial* to prove a hostile work environment

could proceed because they were salvaged by the continuing violation theory.  Since the Court found that Plaintiff brought at least one claim—that she was improperly denied her request for the use of annual leave time to be used in August 2001 on July 26, 2004 (paragraph 24)—which met the administrative filing requirements, and the allegations in the paragraphs identified by Defendants were purportedly part of an ongoing pattern of racial discrimination, the Court denied Defendants' motion to dismiss.

This decision was in error.  In rendering its decision on these claims, the Court did not discuss the Supreme Court's decision in Morgan, which was raised in Defendants' reply brief in response to Plaintiff's argument that his claims should proceed on a continuing violation theory. Defendants argue that pursuant to Morgan, Plaintiff's allegations in these paragraphs should be dismissed because they are discrete, immediately actionable employment decisions, each of which must be independently exhausted through the administrative process, and not hostile work environment allegations which can be salvaged by the continuing violation theory.  The Court herein reconsiders whether Plaintiff's allegations in paragraphs 10, 11, 12, 13, 14, 15, 16, 18, 19, 20, 21, 24, 25, 26, 32, 33, 37, 40, 41, 42, 43, 47, and 48 of Plaintiff's complaint, as well as Count Five (42 U.S.C. § 1983), should be dismissed in light of Morgan and its progeny.

Morgan stands for the proposition that in evaluating whether a plaintiff may file a lawsuit concerning events that fall outside the statutory time periods proscribed by Title VII, courts must determine whether the plaintiff is seeking recovery for discrete acts of discrimination, which constitute separate unlawful employment practices, or for a series of incidents of harassment or

---

claim.  Although this precise issue was not before the Morgan Court, the Supreme Court indicated that employees would not be barred from using the otherwise untimely or unexhausted allegations as *background evidence* in support of a timely claim.  See Morgan, 536 U.S. at 113.

intimation, which constitute a single unlawful employment practice.  See Morgan, 536 U.S. at

114-18, 122.  The Court stated that discrete acts are independently actionable and include

termination, failure to promote, and denial of transfer.  See id. at 114.  On the other hand, the

unlawful employment practice in a hostile work environment claim is the environment itself,

which is caused by the cumulative effects of individual acts which cannot be said to have

occurred on a particular day and alone, might not be actionable, but when viewed in totality,

create a discriminatory environment.  See id. at 115-18.  The Morgan Court indicated that

allegations that managers "made racial jokes, performed racially derogatory acts, made negative

comments regarding the capacity of blacks to be supervisors, and used various racial epithets" are

part of an actionable hostile work environment claim.  See id. at 120-21.

The Supreme Court in Morgan stated that one cannot convert related discrete acts into a

single unlawful employment practice in order to meet administrative requirements.  See id. at

111.  Specifically, the Morgan Court emphasized that:

> [D]iscrete discriminatory acts are not actionable if time barred, even when they are
> related to acts alleged in timely filed charges.  Each discriminatory act starts a new clock
> for filing charges alleging the act . . . .  The existence of past acts and the employee's
> prior knowledge of their occurrence, however, does not bar employees from filing
> charges about related discrete acts so long as the acts are independently discriminatory
> and charges addressing those acts are themselves timely filed.  Nor does the statute bar an
> employee from using the prior acts as background evidence in support of a timely claim.

Id. at 113.  Thus, allegations of discrete discriminatory acts will be time-barred if not timely

pursued; however, otherwise untimely allegations supporting a hostile work environment claim

will not be time-barred so long as an act contributing to the claim occurred within the applicable

filing period.[7]

_____

[7]  The Supreme Court recently re-affirmed its holding in Morgan and accordingly, re-
stated the distinction between discrete acts of discrimination and a hostile work environment in

The holding in Morgan is in line with the Third Circuit's previous decision in Rush.  In

Rush, which the Court cited in its September 13, 2006 opinion, albeit for a different proposition,

the Third Circuit held that the plaintiff's claims for failure to promote and failure to train were

discrete acts which cannot be lumped together with plaintiff's other claims supporting a hostile

work environment (namely, a continuous pattern of demeaning remarks, rude behavior, foul

language, an inappropriate touching of plaintiff) in order to make such discrete claims, which

were otherwise untimely, timely.  See Rush, 113 F.3d at 483-85 ("Rush's failure to promote and

train claim addresses discrete instances of alleged discrimination that are not susceptible to a

continuing violation analysis.").

The Supreme Court in Morgan, besides identifying termination, failure to promote, and

denial of transfer as discrete acts, Morgan, 536 U.S. at 114, did not set forth an exhaustive list of

discrete discriminatory acts.  Following Morgan, the Third Circuit, in O'Connor v. City of

Newark, 440 F.3d 125, 127 (3d Cir. 2006),[8] interpreted Morgan as establishing a "bright-line

distinction between discrete acts, which are individually actionable, and acts which are not

individually actionable but may be aggregated to make out a hostile work environment claim."

In particular, the Third Circuit held that pursuant to Morgan, the following actions should be

considered discrete acts:  termination, failure to promote, denial of transfer, refusal to hire,

wrongful suspension, wrongful discipline, denial of training, and wrongful accusation.  See

Ledbetter v. Goodyear Tire & Rubber Co., Inc., 127 S.Ct. 2162, 2175 (2007).

[8]  Defendants did not cite to O'Connor in their initial motion to dismiss papers.  In fact,
when Defendants filed their briefs in support of their motion to dismiss, O'Connor had not yet
been decided.  The Third Circuit decided the case on March 13, 2006.  However, the Third
Circuit did decide O'Connor prior to this Court's September 13, 2006 opinion and thus, prior to
Defendants' motion for reconsideration.  Although Defendants do not mention O'Connor in their
motion for reconsideration, the Court nonetheless considers this decision in the instant opinion
because it would be fruitless to conduct the Morgan analysis without doing so.

O'Connor, 440 F.3d at 127.  Furthermore, by holding in O'Connor that the plaintiff's allegations were discrete and thus, could not be aggregated under a continuing violation theory, the Third Circuit implied that the following were also discrete acts:  failure to expunge a disciplinary record, failure to provide adequate staff and resources, assignment of excessive work, changing the work schedule, failure to give overtime credit, and failure to properly commend and award the plaintiff.  See O'Connor, 440 F.3d at 126 n.1, 127.

The following paragraphs of Plaintiff's complaint must be dismissed because they fall squarely within the bounds of Morgan, and O'Connor and thus, are discrete acts which Plaintiff failed to timely exhaust:  10 (excessive work), 11 (denied training), 12 (removed from position as EEOC investigator), 13 (improperly transferred), 14 (no award for publication), 15 (except penultimate sentence)[9] (inadequate staffing), 16 (wrongful discipline), 18 (wrongful accusations), 19 (wrongful accusations), 20 (wrongful discipline), 21 (wrongful termination), and 37 (inadequate staffing).  Further, the Court determines that the following paragraphs include allegations similar to the discrete acts dismissed in Morgan and O'Connor and thus, must also be dismissed:  25 and 43 (failure to prevent, investigate and discipline unauthorized access to medical records) and paragraph 32 (created a segregated workplace by transfer).[10]  See Rouse v. II-VI, Incorporated, No. 2:06-cv-566, 2007 WL 1007925, at *7-8 (W.D. Pa. Mar. 30, 2007) (dismissing certain counts in plaintiff's complaint because they alleged discrete acts under

---

[9]  The penultimate sentence in paragraph 15 states that Mr. Troy told Plaintiff in June 2000 that "she was negative" and told her "to look for something else to do."  This particular allegation does not appear to fall within the category of discrete acts identified by Morgan and O'Connor.

[10]  The allegations in paragraph 22 are similar to those that the Court dismissed in paragraph 32.  However, the Court does not consider whether the allegations in paragraph 22 should likewise be dismissed because Defendants did not move on such basis.

Morgan and O'Connor and were not properly exhausted with the EEOC); Perry v. H&R Block Eastern Enterprises, Inc., No. 04-6108, 2007 WL 954129, at *4-5 (E.D. Pa. Mar. 27, 2007) (dismissing count one of plaintiff's complaint because it alleged an untimely discrete act under Morgan and O'Connor and thus, could not be saved by the continuing violation theory).[11]

In addition, to the extent Plaintiff asserts the allegations in paragraphs 47 and 48 are part of a Title VII discrimination or hostile work environment claim, those allegations must also be dismissed.  In paragraph 47, Plaintiff alleges that she "threatened to complain to the Inspector General about inadequate staffing levels in her unit."  In paragraph 48, she asserts that she "complained about inadequate staffing levels in her unit to investigators who were dispatched to her facility from the VA facility in Northport."  The Court has already dismissed these allegations to the extent that Plaintiff's Title VII retaliation claim is based on these paragraphs because Plaintiff did not demonstrate that these internal complaints concerned discrimination on the basis of her race or disability.  To the extent that Plaintiff is trying to argue that these claims are otherwise actionable as separate instances of discrimination or as part of a hostile work environment, they are dismissed because she fails to allege that Defendants engaged in *any conduct*, let alone any *discriminatory conduct*, in these paragraphs.[12]

_____

[11]  Again, as indicated supra in note 6, the Morgan Court stated that employees would not be barred from using the otherwise untimely or unexhausted allegations as *background evidence* in support of a timely claim.  See Morgan, 536 U.S. at 113

[12]  To the extent that the allegations underlie Plaintiff's Whistleblower Protection Act ("WPA"), 5 U.S.C. § 2302(b)(8) claim or 42 U.S.C. § 1983 claim, they remain in this case. Construing Plaintiff's complaint very liberally, Plaintiff apparently seeks to use the allegations in paragraphs 47 and 48 to support a claim under the Whistleblower Protection Act ("WPA"). Plaintiff drops a citation to the WPA in paragraph 5, but fails to tie the WPA to any particular allegations elsewhere in the complaint.  Defendants argued in their motion to dismiss that to the extent these allegations support a WPA claim, they should be dismissed because they were not properly exhausted pursuant to WPA.  Plaintiff claimed that her WPA claim was exhausted,

The Court will not at this time dismiss the remaining allegations that Defendants claim are untimely in the first issue presented above.  The Court determined, in its September 13, 2006 opinion, that the allegations in paragraph 24 were properly exhausted through the administrative process and thus, should not be dismissed.  The remaining allegations which Defendants identify—paragraphs 26, 33, 40, 41, and 42—do not fall squarely within the bounds of <u>Morgan</u> and <u>O'Connor</u> and thus, the Court will not dismiss such as discrete and unexhausted.  Defendants do not address these allegations specifically on reconsideration, and instead, merely make a global argument that all of the identified allegations are discrete and thus, should be dismissed as unexhausted.  Thus, these allegations remain in Plaintiff's complaint.

Defendants lump Count Five, in which Plaintiff alleges a First Amendment retaliation claim based on protected speech pursuant to 42 U.S.C. § 1983 against Defendants, with the various allegations of unexhausted discrete conduct which the Court previously dismissed.  It appears that Defendants are arguing that Plaintiff's section 1983 claim must be dismissed because it is discrete and was not properly exhausted before the EEOC.  Defendants fail, either in their original moving brief or in their motion for reconsideration, to explain and provide authority

---

although in the wrong forum.

The Court did not decide this issue in it September 13, 2006 opinion.  Defendants do not explicitly ask the Court to decide this issue in its motion for reconsideration.  Thus, the Court takes no position on whether paragraphs 47 and 48, to the extent they support a WPA claim, should be dismissed for failure to exhaust.  Defendants may re-raise this argument on summary judgment.

With respect to Plaintiff's section 1983 First Amendment retaliation claim, the allegations in paragraphs 47 and 48, which are incorporated into the section 1983 count, remain as well.  As discussed above, if Defendants believe that Plaintiff's section 1983 claim should be dismissed, they may raise this argument on summary judgment.

11

for its apparent proposition that Title VII exhaustion requirements apply to section 1983 claims based on substantive rights distinct from Title VII.  In fact, such a proposition appears to be incorrect.  See, e.g., Brown v. Hartshorne Public School Dist. No. 1, 864 F.2d 680, 683 (10th Cir. 1988) ("a section 1983 plaintiff need not comply with the exhaustion requirements of Title VII"); Middlebrooks v. Coughlin, 970 F. Supp. 210, 211 (W.D.N.Y. 1997) (stating that a "section 1983 plaintiff may proceed directly to federal court" without exhausting administrative remedies).  Thus, the Court will not dismiss Plaintiff's section 1983 claim at this time.[13]

## B.  **Hostile Work Environment Claim**

_____In light of the dismissal of the foregoing allegations, the Court grants Defendants' motion for reconsideration on the issue of whether Plaintiff has properly stated a hostile work environment claim.

In the Court's previous opinion, it was faced with the issue of whether the allegations in paragraphs 15 (penultimate sentence), 40, 41, and 43 should be dismissed for failure to state a claim for hostile work environment.  The Court determined, as discussed above, that it could not dismiss particular allegations because it was obliged to consider this claim under the totality of the circumstances.  To the extent that Defendants are making this same argument again, that argument is rejected.  Defendants offer no basis for this Court to conclude that since the ultimate issue is whether a work environment is hostile under the totality of the circumstances, the Court should engage in dismissal of particular allegations in this manner.

---

[13]  Defendants did not argue that Plaintiff's section 1983 claim should be dismissed as time-barred because she failed to bring such within the applicable statute of limitations.  See O'Connor, 440 F.3d at 126-29 (applying Morgan's bright-line distinction to section 1983 claims).  Thus, the Court does not consider this issue.

To the extent that the Court misinterpreted Defendants' argument in its initial motion and Defendants were arguing that the allegations in paragraphs 15 (penultimate sentence), 40, 41, and 43, were the only hostile work environment allegations in Plaintiff's complaint and, since they were insufficient to state a claim for hostile work environment, the allegations (and as a result, the claim) must be dismissed, the Court rejects this argument as well.  Plaintiff's hostile work environment claim incorporated by reference the previous allegations in the complaint (paragraphs 1-45), and thus, was arguably based on conduct besides the allegations in paragraphs 15 (penultimate sentence), 40, 41, and 43.  Thus, the issue that arises is whether, once Plaintiff's discrete unexhausted allegations are dismissed from the complaint, do the remaining allegations state a claim for hostile work environment?[14]

In their motion for reconsideration, Defendants claim that Plaintiff's remaining allegations do not state a claim for a hostile work environment because the conduct alleged is not sufficiently severe or pervasive to be actionable.  See, e.g., Morgan, 536 U.S. at 116; Andrews v. City of Philadelphia, 895 F.2d 1469, 1482 (3d Cir. 1990) (indicating that to bring an actionable hostile work environment claim, the plaintiff must "establish 'by the totality of the circumstances, the existence of a hostile or abusive working *environment* which is severe enough to affect the psychological stability of a minority employee' " (internal citation omitted)).

---

[14]  The Court declines to apply the summary judgment standard to this analysis, although Defendants initially moved for such in the alternative.  The only additional documents attached to Defendants' motion were records from the relevant administrative EEOC proceedings.  In Defendants' moving brief, they stated that the Court may wish to consider this matter under the summary judgment standard "at least as to those counts of the complaint for which reference to the administrative proceedings is necessary."  Defendants' Brief at p. 13.  Reference to the administrative EEOC pleadings is unnecessary to determining this issue.  Thus, the Court solely reconsiders this issue under the Rule 12(b)(6) standard.

13

Defendants also argue that Plaintiff has not pled a basis for imputing vicarious liability upon the employer.  See Cardenas v. Massey, 269 F.3d 251, 260 (3d Cir. 2001).

Courts have been hesitant to dismiss hostile work environment claims under Rule 12(b)(6) because the proof of this claim is highly fact-specific.  See Long v. Pizza Hut, No. 03-0738, 2003 WL 23019186, at *3-6 (W.D. Pa. Nov. 5, 2003); Forbes v. State Univ. of N.Y. at Stony Brook, 259 F. Supp. 2d 227, 234 (E.D.N.Y. 2003); Wait v. Beck's North America, Inc., 241 F. Supp. 2d 172, 179 (N.D.N.Y. 2003).  In fact, none of the cases Defendants cite to were decided in the motion to dismiss context—most were decided on summary judgment.

For purposes of meeting the requirements of Rule 12(b)(6), all Plaintiff must do is plead a short and plain statement that provides Defendants with fair notice of the Plaintiff's claim and the grounds upon which her claim rests.  See, e.g., Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511-14 (2002).  Plaintiff need not plead facts establishing a prima facie case.  See id.  In this regard, the Third Circuit has explicitly stated that employment claims that lack merit "may be dealt with through summary judgment under Rule 56."  Id. at 514.  Plaintiff's remaining hostile work environment allegations give Defendants fair notice of their hostile work environment claim—Plaintiff was subjected to an environment of racial discrimination by virtue of a variety of conduct and remarks. Thus, Plaintiff meets this low pleading standard, even though, at the end of the day, the conduct alleged may be insufficiently severe or pervasive to constitute a hostile work environment.  See Long, 2003 WL 23019186, at *4.[15]

---

[15]  Defendants do not argue in the reconsideration motion that any discrete acts which are present in allegations 1-45 after the discrete unexhausted allegations are dismissed, should be separated from Plaintiff's hostile work environment claim allegations.  See Porter v. California Dept. of Corrections, 419 F.3d 885, 893 (9th Cir. 2005) ("If the flames of an allegedly hostile environment are to rise to the level of an actionable claim, they must do so based on the fuel of

Therefore, although the Court reconsiders this issue, for the reasons discussed above, the Court again denies Defendants' motion to dismiss Plaintiff's hostile work environment allegations or claim.

## C.      Rehabilitation Act Claim

With respect to Defendants' argument that the Court improperly determined that Plaintiff stated a claim for a violation of the Rehabilitation Act based on a purported disability of mitral valve prolapse, the Court denies Defendants' motion for reconsideration.  Defendants do not take issue with the standard applied by the Court.  Instead, they argue that the Court erred in holding that Plaintiff's allegation that her mitral valve prolapse was a disability because Plaintiff failed to sufficiently allege that her condition substantially limited a major life function.

In its September 13, 2006 opinion, the Court found, given Plaintiff's allegations that her condition causes breathing problems (which is listed as an example of a major live activity under 45 C.F.R. § 84.3(j)(2)(ii)), and heart palpitations, that she met the low pleading threshold required to state her claim under Rule 12(b)(6).  Defendants do not demonstrate that the Court's previous decision in this regard involved a clear error of law or that the Court overlooked a dispositive factual or legal matter.  Defendants' disagreement with the Court's conclusion on this issue is insufficient to warrant reconsideration.  Therefore, the motion is denied on this ground.[16]

---

timely non-discrete acts.").  Even if this Court should eliminate the discrete acts in the remaining allegations, the Court still finds that Plaintiff's non-discrete allegations which, at least include the allegations in paragraphs 15 (penultimate sentence), 26, 29, 40, 41, and 42, meet this low pleading requirement.

[16]  To the extent Defendants claim that the Court overlooked paragraph 56 of Plaintiff's complaint, which states that "Plaintiff was a qualified person with a disability who could perform the essential functions of her job with or without a reasonable accommodation," this claim loses its steam when one considers the complaint as a whole.

IV.   **Conclusion**

Accordingly, for the foregoing reasons, Defendants' motion for reconsideration is granted in part and denied in part.  The allegations in paragraphs 10, 11, 12, 13, 14, 15 (except penultimate sentence), 16, 18, 19, 20, 21, 25, 32, 37, and 43 are dismissed from Plaintiff's complaint.  The following claims remain in the complaint at this juncture:  Plaintiff's Title VII racial discrimination and hostile work environment claims (counts one and two) to the extent they are based on allegations other than those dismissed herein;[17] Plaintiff's retaliation claim (counts three and five) to the extent such is based on the WPA or section 1983; and Plaintiff's Rehabilitation Act claim.   An appropriate order accompanies this opinion.

Date:   June 28, 2007                                    /s/ Jose L. Linares
_____United States District Judge

_____

[17]  The Title VII claims only remain as to the Department and Jim Nicholson.  The Court previously dismissed the Title VII claims against Patrick Troy.  See supra p. 3.

16